**Bobby McINTOSH, Plaintiff,**

v.

**Rockie CARTER, et al., Defendants.**

**Civ. A. No. C 83–0749 L(A).**

United States District Court,
W.D. Kentucky,
Louisville Division.

Nov. 2, 1983.

On Motion for Reconsideration
Dec. 5, 1983.

Barbara Jones, Linda G. Cooper and David Sexton, Corrections Cabinet, Frankfort, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

ALLEN, Chief Judge.

Bobby McIntosh brings this pro se action against Rockie Carter, Internal Affairs Office, and other staff members at the Kentucky State Reformatory in LaGrange, Kentucky, where McIntosh is an inmate. Jurisdiction is alleged under 42 U.S.C. § 1983. McIntosh alleges that the defendants violated his constitutional rights by refusing his right to confrontation and by the use of evidence which he was not allowed to view. The defendants move to dismiss. Federal Rule of Civil Procedure 12(b)(6). McIntosh moves for the appointment of counsel and for summary judgment. This Court treats the defendant's motion to dismiss as a motion for summary judgment and overrules all three motions. Instead, the Court remands the case to the Reformatory officials for another hearing consistent with this opinion.

The facts in this incident are mostly without dispute. On June 20, 1983, inmate "X" informed the prison authorities that McIntosh had written him a note, proclaiming his friendship and asking X to join in a plan to smuggle drugs into the prison. Lieutenant Carter investigated the incident. Carter went to McIntosh's cell and obtained a sample of McIntosh's handwriting, which he and other prison officers compared to the note received by X. Carter and the other officials concluded that McIntosh wrote the note, and informed him that he would face an Adjustment Committee hearing for "Possession of/or promoting dangerous contraband into or on institution grounds."

The Adjustment Committee allowed McIntosh to see Carter's report and the sample which Carter obtained from him. However, the Committee did not allow McIntosh to see the note which he allegedly wrote, citing "security reasons." Since neither Carter nor X was present at the

Bobby McIntosh, pro se.

hearing, the Adjustment Committee relied on Carter's report as evidence. The Committee sentenced McIntosh to 45 days in segregation, the loss of 180 days "good time," and reference to the Kentucky State Police (although the Court understands that the latter has been dropped). McIntosh contends that the Committee denied him his right to confrontation, denied him access to the information or evidence used against him, and refused to hear his defense on the merits. The Court agrees with McIntosh on the evidentiary issue, to the extent that the Court will require the Reformatory officials to demonstrate the "security reasons" surrounding the denial of access to the alleged note.

■ Initially, this Court finds McIntosh's Sixth Amendment argument without merit. McIntosh clearly does not have an absolute right of confrontation and cross-examination. *Wolff v. McDonnell*, 418 U.S. 539, 567–69, 94 S.Ct. 2963, 2980, 41 L.Ed.2d 935 (1974). As the *Wolff* court notes, prison authorities have the discretion to limit this right in view of particular circumstances at the prison. Therefore, McIntosh clearly has no right to confront X. The confrontation issue is somewhat closer with regard to Carter, but the Court is convinced that unless some glaring discrepancy is discovered with regard to the report, there is no absolute right of confrontation, although clearly the better practice would be to allow confrontation if it would not interfere with the functioning of the prison.

However, the issue of whether McIntosh should have been allowed to see the document which he allegedly wrote is a different matter. The defendants contend that McIntosh was not shown the document because the Committee did not need to consider the document in reaching its decision. Rather the Committee relied on Carter's report. The note, according to the defendants, simply started the investigation. Moreover, a witness may identify an author's handwriting if the witness is familiar with the handwriting. As authority, the defendants cite *Apple v. Commonwealth*, 296 S.W.2d 717 (Ky.1956).

■ Unfortunately, *Apple* is inapposite. In *Apple*, the witness testified that she was familiar with the handwriting of the accused, independent of viewing the document in question. Therefore, she was competent to identify his handwriting. 296 S.W.2d at 721. In this case, there is no evidence that Lt. Carter had ever seen McIntosh's handwriting. In fact, Carter sought a specimen of McIntosh's handwriting for the express purpose of discovering the truth of X's allegation. However, a court may use known samples of an individual's handwriting for comparison to a disputed handwriting sample for identification purposes. KRS 422.120; *Francis v. Commonwealth*, 468 S.W.2d 287, 289–90 (Ky. 1971). The *Francis* court further held that the notice requirement of KRS 422.120(2) was inapplicable when the submitted samples were admitted to be genuine. 468 S.W.2d at 290. In this case, McIntosh does not contest that he wrote the grievance which Carter found in his cell. The grievance was competent and admissible evidence.

■ According to Professor Lawson, an expert may compare a known or admitted writing sample with a questioned writing sample and state an opinion thereon. R. Lawson, *Kentucky Evidence Law Handbook*, Sec. 7.01 at pp. 102–04. Otherwise, the trier of fact, i.e., the jury or the court sitting without a jury, must view the documents and make the final determination. In this case, the trier of fact, the Adjustment Committee, did not have before it the note which Carter alleged that McIntosh wrote to X. Rather, as this Court understands from the defendant's briefs and the Committee record, the Committee only had Carter's report. Since Lt. Carter is not qualified as an expert (at least on the record) and did not know and recognize McIntosh's handwriting, the Committee itself was required to view and to compare the documents. Since the Committee did not perform this task, McIntosh did not receive a complete due process hearing. Therefore, this Court remands the case to the Committee for another hearing.

■ Additionally, this Court questions the failure of the Committee to show McIntosh the note in question. The prison officials assert "security reasons" for not allowing McIntosh to see the note. However, the Court notes that McIntosh obviously knew who made the charges against him because his defense at the hearing was that X was an inmate with whom he had fought recently and that X made the allegation in revenge. Moreover, the Court notes that X's name was contained in the report to this Court and in the defendant's brief which the defendants certify was sent to McIntosh, presumably with the attached exhibits, including the note in question.

This Court has adopted "X" as a reference to the inmate involved in order to preserve his anonymity if such still exists. However, in view of subsequent events, the Court questions the need for secrecy. At the second hearing, the prison authorities should state on the record why McIntosh should not be shown a copy of the note. This Court will defer to prison authorities in the administration of the prison, especially where inmate security is concerned. However, some such reason should appear *on the record,* not in a brief to this Court. Without such a reason, McIntosh should be entitled to view the evidence against him.

McIntosh also asserts that the Committee refused to hear his defense on a believable basis. The Committee denies the charge. Since the case has been remanded, the Court will not reach that issue since any error may be cured on the second hearing. This Court does not reach the question of whether McIntosh wrote the note. That question is for the Adjustment Committee alone and its decision will not be overturned easily.

■ This Court wishes to address one other concern which has come before the Court in regard to the Commonwealth's current practice in defending these suits. The Commonwealth has developed a standard practice of filing a report, an answer, and a Rule 12(b)(6) motion to dismiss in the same pleading. This Court joins the other Judges of this Court in decrying this practice. This Court directs that the Commonwealth file any reports in separate documents, and that these pleadings be filed separate from any motions. Currently, this Court has trouble distinguishing the separate documents. This Court also notes that in order to be considered as evidence, the reports must be verified by the individual prison authorities. Statements made in the Commonwealth's briefs are not evidence.

■ Furthermore, this Court directs the Commonwealth's attention to the practice of arguing the merits of a case during a Rule 12(b)(6) motion. The Supreme Court has directed lower courts to view prisoner complaints under Section 1983 in a liberal manner under a Rule 12(b)(6) motion. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Given that direction, very few prisoner complaints will be dismissed under Rule 12. However, many of the complaints may fall before a properly prepared Rule 56 motion for summary judgment, accompanied by affidavits, properly verified and witnessed reports, and other supporting documentation. While Rule 12 allows the Court to treat a motion to dismiss as a motion for summary judgment, this subtler nuance of formal practice may escape a pro se petitioner, who may not have compiled his or her proof. In the future, the Commonwealth should make the appropriate motion and argue the merits of the case only on a Rule 56 motion for summary judgment. Therefore,

IT IS ORDERED that the plaintiff's motion for the appointment of counsel be overruled.

IT IS FURTHER ORDERED that the plaintiff's motion for summary judgment be overruled.

IT IS FURTHER ORDERED that the defendant's motion for summary judgment be overruled.

IT IS FURTHER ORDERED that the case be remanded to the Kentucky State

Reformatory Adjustment Committee for proceedings consistent with this opinion.

## ON MOTION FOR RECONSIDERATION

Bobby McIntosh filed this action under 42 U.S.C. § 1983 seeking to overturn an Adjustment Committee hearing which found him guilty of attempting to promote drugs into the Kentucky State Reformatory where he is an inmate. This Court ordered the Reformatory to award McIntosh another hearing. The defendants now move for reconsideration under Federal Rule of Civil Procedure 60(b). McIntosh has not responded.

The United States Court of Appeals for the Sixth Circuit has held that a "Motion to Reconsider" is properly styled a "Motion to Alter or Amend" under Rule 59(e). *Smith v. Hudson*, 600 F.2d 60, 62–63 (6th Cir.), *cert. denied*, 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979). Since the motion is timely under Rule 59(e), this Court will treat the motion as a motion to alter or amend. After due consideration, this Court overrules the motion.

The case arose from a "letter" allegedly written by McIntosh to X, a fellow inmate, asking X to help smuggle drugs. X later wrote a "note" to Carter, an officer at the Reformatory, informing Carter of the "letter." Carter initiated an investigation which culminated in the Adjustment Committee hearing. Defendants correctly surmise that this Court was under the impression that McIntosh and the Committee did not view the letter which Carter alleged that McIntosh wrote. The defendants now state that the Committee and McIntosh did view the alleged "letter" but did not view the "note" which X wrote to Carter to initiate the investigation because of "institutional security." Therefore, the defendants argue that this Court should vacate the order for a second Adjustment Committee hearing.

However, the Adjustment Committee did not include this fact in the record. The record does not clearly distinguish which documents were present before the Committee. The only evidence of this "misun-

derstanding" is in the defendant's brief, not in the record. This lack of a record causes some confusion and demonstrates the Court's problem, which the Court noted in its earlier opinion. Statements made in the defendant's brief are not a part of the record. Instead, the record consists of the Adjustment Committee report and any other verified reports which are filed with the defendant's answer or motion. Such reports would eliminate any confusion and enable this Court to have a clearer view of the case.

Furthermore, McIntosh raises other issues which this Court did not reach in the earlier opinion because a second hearing could eliminate them. If the Adjustment Committee makes a finding that the "note" from X to Carter would compromise institutional security, this Court will accord that finding due deference. Therefore,

IT IS ORDERED that the defendant's motion to alter or amend is overruled.

This is not a final and appealable order.